In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11522
_____

SANDRA OUTLER,
as Administrator of the Estate of Angel Manuel Ortiz
deceased,

*Plaintiff-Appellee,*

*versus*

TAMARSHE SMITH,
in his Official Capacity as Warden of Calhoun State Prison
and Individual Capacity, et al.,

*Defendants,*

KELLY COOPER,
in his Individual Capacity,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:21-cv-00049-LAG
_____

Before ROSENBAUM, NEWSOM, and KIDD, Circuit Judges.

BY THE COURT:

Sandra Outler, acting in her capacity as administrator of the estate of Angel Ortiz, sued the Georgia Department of Corrections and various employees of Calhoun State Prison, asserting claims of deliberate indifference under the Eighth Amendment based on the death of Ortiz while he was incarcerated. Defendant Kelly Cooper, a correctional officer at Calhoun State Prison, moved for summary judgment on qualified immunity grounds. On March 31, 2025, the district court denied Cooper's motion, concluding that he was not entitled to qualified immunity. Cooper appeals that ruling.

A jurisdictional question ("JQ") asked the parties to address whether we have jurisdiction over this appeal. Cooper argues that we have jurisdiction because this appeal presents issues of law relating to his qualified-immunity defense. Outler argues that we lack jurisdiction because all of Cooper's arguments on appeal center on the issue of whether he had subjective knowledge of a risk of harm to Ortiz, which is an issue of fact.

Although the March 31 order is not final, we have jurisdiction over this appeal because it challenges a denial of qualified immunity that presents an issue of law. *See Haney v. City of Cumming*, 69 F.3d 1098, 1101 (11th Cir. 1995) ("A trial court's denial of qualified immunity at the summary judgment stage is immediately appealable."). We would lack jurisdiction over this appeal if the only issues that Cooper raised were issues of fact. *See Hall v. Flournoy*, 975 F.3d 1269, 1276 (11th Cir. 2020). However, Cooper argues in his merits brief that, even if he violated the Eighth Amendment, that violation was not clearly established at the relevant time,

which is an issue of law. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1484 (11th Cir. 1996). Unlike in *English v. City of Gainesville*, Cooper's arguments about whether the law was clearly established are not limited to disputes over the district court's weighing of the facts in the record but, rather, require abstract legal analysis. *See* 75 F.4th 1151, 1156 (11th Cir. 2023). Additionally, Cooper's argument that his response to the risk of harm suffered by Ortiz was objectively reasonable, and that the district court erred by concluding otherwise, is also an issue of law.

Because Cooper raises a legal issue regarding the district court's denial of qualified immunity, we have jurisdiction over this appeal. *See Hall*, 975 F.3d at 1276. Accordingly, we DENY the motion to dismiss construed from Outler's JQ response. This appeal may proceed.